In the Matter of FREDERICK C. SIMONS, an Attorney, Respondent.

First Department, February 6, 1925.

**Attorney and client — disciplinary proceedings — attorney loaned money of clients which he had collected in settlement of action — loan was not made with clients' knowledge or consent — after prosecution was instituted, attorney paid clients amount collected and also attorney's fees incident to proceedings — attorney suspended for one year.**

An attorney at law is suspended from practice for one year, since, while it appears that he loaned to a corporation in which he was personally interested money which he had collected in the settlement of a claim on behalf of his clients, he repaid the clients the amount due after the present proceedings and a criminal proceeding had been instituted against him, and also paid the clients the

amount of the counsel fee which they had been compelled to expend in order to obtain the money, and that no previous charges of misconduct have ever been made against him.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

————————————, for the respondent.

CLARKE, P. J.:

The respondent was admitted to practice as an attorney and counselor at law in the State of New York at the May, 1902, term of the Appellate Division, First Department, and has practiced as such since his admission.

The petition alleges that the respondent has been guilty of misconduct as an attorney as follows:

Some time prior to May, 1923, Messrs. Peter J. and William F. Theobalt retained the respondent to bring an action in their behalf for a breach of contract against the firm of Bruce & Cook. On or about May 14, 1923, the respondent reported to his clients that he had received an offer of $750 in settlement of the claim and they thereupon advised him that they would settle for the sum of $1,000 or more and at his request executed a general release in which the amount of the settlement was left blank, which release was delivered to the respondent upon the express understanding that he was not to settle the claim for less than $1,000. Respondent immediately after the receipt of said release and without the knowledge or consent of his clients accepted the offer made by the attorneys for the defendants in the said action and filled in the sum of $750 in the general release which his clients had delivered to him as aforesaid. He delivered this general release to the attorneys for the defendants in the action and received from them the sum of $750. He converted the money so collected to his own use and did not pay any part thereof to his clients until after they had made complaint to this association and brought criminal proceedings against him in the Magistrate's Court. When the respondent appeared before the committee he excused his failure to pay his clients by stating that he had loaned the money to another corporation client in which he was personally interested as an officer and stockholder knowing that the company was in financial difficulty and without obtaining any security for the money thus loaned. He admitted that this transaction was entirely without the knowledge or consent of his clients Peter J. and William F. Theobolt.

The evidence establishes that in December, 1922, the respondent,

as attorney for Theobolt Brothers, brought an action to recover the sum of $50,000 damages against A. Gardiner Cooper and Augustus C. Pieper, trading under the firm name of Bruce & Cook. The defendants in that action appeared by Messrs. Rounds, Schurman & Dwight, their attorneys, and filed an answer. Thereafter the respondent conducted negotiations with the defendant's attorney for a settlement of the claim. On May 14, 1923, a settlement was agreed upon, a check for $750 drawn to the order of respondent as attorney was delivered to him and he gave to the attorneys for Messrs. Bruce & Cook a general release executed by Theobolt Brothers. The respondent cashed the check on the same day. Thereafter the respondent's clients made repeated efforts to obtain information as to what had been done by him in the matter of the settlement of the claim against Bruce & Cook but were unable to obtain any definite information, respondent making evasive responses to the inquiries. On June 15, 1923, not having heard anything further from the respondent, Peter J. Theobolt, one of his clients, went to the office of the attorneys for Bruce & Cook and then for the first time learned that the case had been settled for $750. Thereafter the Theobolts engaged other counsel and after a complaint had been made to the Bar Association and a criminal proceeding had been instituted against the respondent in the Magistrate's Court he paid over to the Theobolts the moneys claimed by them and the amount of the counsel fee which they had been compelled to expend in order to obtain the money. The last installment was paid the morning of the day fixed for the hearing before the official referee in this proceeding, October 14, 1924. The respondent admits receiving the money as stated. He claims that after he cashed the check he was approached by the president of a corporation in which the respondent was also an officer and director and was requested by him to loan him for the use of the company $400, and relying upon the promise that the money would be repaid within a day or two he complied with the request but the president and the company failed to carry out the promise of repayment and he was, therefore, unable to pay his clients the moneys to which they were entitled. There is no question but that the respondent converted his client's money to his own use. The learned official referee has reported that he is of the opinion that that portion of the charge that respondent was directed to accept not less than $1,000 in settlement and that contrary to such instruction he accepted $750 and delivered the release has not been sustained. He also finds that no previous notice of the intention to proceed to take criminal proceedings was given to the respondent and that he has been frank and open in the

matter before him; that no previous charges of misconduct have ever been made against the respondent and that upon all the evidence he found the respondent guilty of having retained money belonging to his clients, repaying the same after proceedings were brought against him not only paying his clients in full but in addition thereto $200 which they claim to have expended as counsel fees in their efforts to collect.

We cannot overlook the breach of the trust obligation resting upon an attorney who receives the money of his clients in his professional capacity. He has no right to use his client's funds as his own, either to lend them to others or expend them for his own purposes without the knowledge or consent of his clients. He is an officer of this court, bound by the ethics of the profession to the highest standards of honesty and straight dealing. Under the circumstances of this case we think the ends of justice will be satisfied by a suspension from practice for one year, and it is so ordered, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions to be incorporated in the order to be entered hereon.

DOWLING, FINCH, MARTIN and BURR, JJ., concur.

Respondent suspended for one year. Settle order on notice.